UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2005 JUL 1 AM 10 44
CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|    Plaintiff, | ) |
|    v. | ) Civil No. |
| ALAN CROWE, | ) |
| KAREN CROWE, | ) 2:05 cv 193 |
| KATHERINE CROWE, | ) |
| CITIFINANCIAL INC., and | ) |
| ANY TENANTS OR OCCUPANTS RESIDING | ) |
| AT 449 JORDAN ROAD, CHARLESTON, | ) |
| VERMONT 05833, | ) |
|    Defendants. | ) |

**COMPLAINT FOR FORECLOSURE BY POWER OF SALE**

**NOTICE TO DEFENDANTS**: IN ORDER TO RECEIVE NOTICE OF THE FORECLOSURE JUDGMENT, YOU ARE REQUIRED BY LAW TO ENTER AN APPEARANCE IN THIS ACTION EITHER THROUGH AN ATTORNEY OR ON YOUR OWN BEHALF AFTER SERVICE HAS BEEN MADE UPON YOU BY THE UNITED STATES OF AMERICA AND YOU HAVE RETURNED YOUR WAIVER OF SERVICE OF SUMMONS TO THE OFFICE OF THE UNITED STATES ATTORNEY. IF SUCH APPEARANCE IS NOT FILED WITH THE CLERK OF THE UNITED STATES DISTRICT COURT WITHIN SIXTY (60) DAYS OF SERVICE OF THIS COMPLAINT, YOU WILL NOT RECEIVE NOTICE OF THE FORECLOSURE JUDGMENT WHICH WILL SET FORTH THE AMOUNT OF MONEY YOU MUST DEPOSIT TO REDEEM THE PROPERTY AND THE AMOUNT OF TIME ALLOWED YOU TO REDEEM THE PROPERTY.

**NOTICE TO ALL TENANTS AND OCCUPANTS OF REAL PROPERTY AS REQUIRED BY 12 V.S.A. 4523(c)(2):**

**THE PROPERTY IN WHICH YOU LIVE IS BEING FORECLOSED UPON. YOU ARE NAMED AS A DEFENDANT IN THE FORECLOSURE BECAUSE YOUR RIGHT TO REMAIN ON THE PREMISES MAY END WHEN THE FORECLOSURE IS COMPLETED. YOU MUST NOTIFY THE COURT OF YOUR NAME AND ADDRESS IN ORDER TO BE KEPT INFORMED OF THE STATUS OF THE FORECLOSURE.**

**YOU ARE ALSO ADVISED, PURSUANT TO 12 V.S.A. § 4523 (c)(3), THAT, IN THE EVENT THE OWNER IS UNABLE TO REDEEM THE PREMISES, YOU MAY BE REQUIRED TO VACATE THE PREMISES UPON 30 DAYS NOTICE.**

The United States of America, by its attorney, David V. Kirby, United States Attorney for the District of Vermont, brings this Complaint and states as follows:

### Introduction, Jurisdiction and Parties

1. This is a civil action to foreclose by power of sale a mortgage given by Alan B. Crowe, Karen L. Crowe and Katherine Crowe, ("the borrowers"), to the plaintiff, United States of America ("the United States"), on or about August 12, 2002.

2. This Court has jurisdiction in this matter under 28 U.S.C. § 1345 and 42 U.S.C. § 1490a.

3. On information and belief the last known addresses of the defendants are as follows:

    Alan Crowe
    PO Box 136
    East Charleston, VT 05833

    Karen Crowe
    PO Box 136
    East Charleston, VT 05833

    Katherine Crowe
    449 Jordan Road
    East Charleston, VT 05833

    Citifinancial, Inc.
    CT Corporation Systems
    400 Cornerstone Drive
    Suite 240
    Williston, VT 05495

    Any Tenants or Occupants Residing At
    449 Jordan Road
    Charleston, VT 05833

4. Defendant Citifinancial, Inc. has been named as a party to this action because it claims or may claim to have some interest in or lien upon the mortgaged premises, or some part

2

thereof, by virtue of a judgment in the amount of $3,110.95, dated April 19, 2004, filed on November 4, 2004, in the Charleston Land Records in Book 60, at Page 592. The interest or lien, if any, is subsequent or subordinate to the mortgage which is the subject of this action.

4. Tenants or Occupants of the mortgaged premises, if any, are named as defendants pursuant to 12 V.S.A. § 4523(c)(1) for the purpose of providing notice of the pendency of this action. The United States does not know whether the Property will be owner-occupied or tenant-occupied at the time the Judgment Order, Decree of Foreclosure and Order for Judicial Sale is entered in this proceeding. Such tenants or occupants, if any, are not entitled to a right of redemption. In the event that the mortgage is foreclosed, the interests of all tenants or occupants, if any, shall be foreclosed and they shall have no further interest as tenants, occupants, or otherwise, in the Property. The United States, or the purchaser at the judicial sale, shall have the right to seek and enforce a Writ of Possession and neither the United States nor the purchaser at the judicial sale shall be obligated or required to institute an eviction proceeding against any tenants or occupants.

### Foreclosure By Power of Sale

7. On or about August 12, 2002, Alan Crowe, Karen Crowe and Katherine Crowe, duly executed to the United States of America, a real estate mortgage covering certain land and premises described therein.

8. Paragraph 25 of the mortgage reserves to the United States the right to foreclose the mortgage as authorized by state and/or federal laws, including but not limited to foreclosure by power of sale. A copy of the mortgage is attached to and made a part of this complaint as Exhibit A.

9. The mortgage was duly recorded on August 16, 2002, in the Charleston Land Records in Book 56, Page 161.

10. The mortgage was conditioned upon the payment of a certain promissory note dated August 12, 2002, in the principal sum of $75,000.00 bearing interest at the rate of 6.75% per annum. A copy of the note is attached to and made a part of this complaint as Exhibit B.

11. The mortgage further secures repayment of any subsidy granted to the borrowers in the form of interest credit pursuant to a Subsidy Repayment Agreement dated August 12, 2002. A copy of said agreement is attached to and made a part of this complaint as Exhibit C.

12. An interest credit agreement was in effect from December 13, 2002 to January 12, 2005. Pursuant to 42 U.S.C. § 1490a and the terms of the mortgage, any interest credit assistance received on any mortgages given on or after October 1, 1979 is subject to recapture upon the disposition of the property.

13. The note provides that upon default by the borrowers of any payment, the United States at its option may declare all or any part of any such indebtedness immediately due and payable.

Because the borrowers have defaulted on the note, acceleration and demand for full payment took place on October 4, 2004.

14. Though demand has been made, the borrowers have refused, neglected or have been unable to pay the amounts due pursuant to the terms of the note. There is due and owing by the borrowers to the United States of America as of June 17, 2005, the principal sum of $72.803.22 plus interest in the amount of $4,968.06, which interest accrues at the daily rate of $13.4636. There is further due and owing interest credit subsidy subject to recapture and principal reduction attributed to subsidy in the amount of $2,376.72, as described in paragraph 11 above and fees assessed at $56.34.

15. On information and belief, in order that it may protect and preserve its security, the United States may be compelled to make advancements for payment of taxes, hazard insurance, water and sewer charges, or other municipal assessments. Although the nature and amount of such expenses are unknown to the United States at this time, the United States seeks recovery of those expenses, together with interest thereon.

16. No other action has been brought to enforce the provisions of the aforesaid promissory note and real estate mortgage, and all conditions precedent to the bringing of the action have been performed or have occurred.

17. The United States has complied with the requirements of all applicable servicing regulations.

WHEREFORE, THE PLAINTIFF PRAYS:

    a.    That the defendants' equity of redemption be foreclosed in accordance with law;

    b.    That the Court enter pursuant to the United States' exercise of its rights to a foreclosure by public sale, an order for public sale of the mortgaged premises;

    c.    That the Court award expenses incurred by plaintiff to preserve and protect its security;

    d.    That the Court fix and allow attorney's fees and other costs and expenses incident to this proceeding;

    e.    That the United States of America or the purchaser at the judicial sale be granted a writ of possession in the mortgaged premises;

    f.    And for such other and further relief as this Honorable Court may deem just and equitable.

Dated at Burlington, in the District of Vermont, this 30th day of June, 2005.

    UNITED STATES OF AMERICA

    DAVID V. KIRBY
    United States Attorney

By: _____
    MELISSA A. D. RANALDO
    Assistant U.S. Attorney
    P.O. Box 570
    Burlington, VT  05402
    (802) 951-6725